OPINION OF THE COURT
Edward M. Murray, J.
This is a motion by claimant for an order directing the Department of Correctional Services to produce certain' prisoners for the purposes of interview and examination before trial and for a further order permitting claimant to proceed in forma pauperis.
o
The claim filed July 25, 1980 alleges that on June 13, 1980 at the Clinton Correctional Facility claimant was severely burned through the negligence of the defendant. It is alleged that the defendant failed to safeguard the claimant and that other prisoners, by reason of the violation of prison rules and the negligence of the defendant, were able to inflict injuries on claimant with an inflammable liquid. The answer consists of a general denial and affirmative defenses. The affirmative defenses consist of allegations that claimant’s injuries were sustained by reason of his own negligence or culpable conduct on the part of *1031 a person or persons for whose culpable conduct the defendant is not responsible.
The claimant now moves for an order directing the Department of Correctional Services to produce, at their respective facilities, prisoners now confined at Clinton Correctional Facility, Green Haven Correctional Facility, Great Meadow Correctional Facility, Eastern New York Correctional Facility and Auburn Correctional Facility for the purposes of interview and examination before trial. It is alleged that each of the prisoners was a witness to the occurrence upon which the claim is based. Claimant’s attorney has interviewed three of the individual witnesses and has concluded that their statements would contradict statements made by certain correction officers. In order to determine the issues raised on this motion it is necessary to consider the provisions set forth in CPLR 3101, 3103, 3106 and 3117. CPLR 3106 (subd [c]) provides that a deposition of a prisoner may be taken only by leave of the court. CPLR 3117 provides for the use of a deposition of a prisoner on the trial. CPLR 3103 permits the court to make an order regulating the use of any disclosure devices. It directs that the order be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to any person or the court. This order is designed to carry out the legislative purpose expressed in CPLR 3103 (subd [a]). Certainly, the claimant is disadvantaged by the fact that the witnesses on whose testimony he must rely are behind bars. The practical impossibility of producing these witnesses at the trial has been summarized in the order filed January 6,1982, to which reference is hereby made. That order denied an application for judicial subpoenas to produce the same witnesses in court. The Attorney-General opposed the application on the ground that the production of such witnesses at the trial would involve great expense (which the claimant was not prepared to pay) and would compromise the security of the prison system. The Attorney-General opposes the present application for the reason that “All witnesses should be exposed to the Court in person and observed with the rigors of confrontation and cross-examination.”
*1032 The claimant requests that the interviews and examinations take place in private rooms with prison guards stationed outside of said rooms and further that prison authorities be ordered not to interfere in any manner with the above interviews and examination. This court upon the allegations set forth in the moving papers, will not make any order which would tend to interfere with proper security in a maximum security correctional facility. It is the contention of the claimant’s attorney that the witnesses will not speak freely unless prison officials are instructed not to interfere with discovery proceedings. If this is true, it is a necessary restriction and one which cannot be cured by compromising legitimate security procedures. It is a part of the inherent disadvantage in prosecuting a prisoner claim. The examinations herein ordered must be conducted under the rules promulgated by the Department of Correctional Services. Correction officers should not interfere with the discovery process but the court will not order them not to interfere. Such an order from a practical point of view could not be enforced by this court.
CPLR 3106 (subd [b]) appears to require that a third-party witness be served with a subpoena at least 10 days before the examination. This court, at this time, does not pass on the applicability of a subpoena requirement in this situation. Since the witnesses are subject to direction from prison officials, it would seem that a subpoena would be redundant in the light of the terms of the order to be entered herein. This court considers that the order to be entered herein is the practical equivalent of a subpoena. If the inmate witness should refuse to answer questions, this court has no authority to compel him to do so.
With respect to interviews this court does not have the authority to interfere with the rules and regulations of the Department of Correctional Services.
The CPLR is composed of rules to be followed in resolving disputes among more or less law abiding litigants. It is often difficult to apply those rules to the society behind the wall of a maximum security correctional facility. However, the constitutional theory of equal protection of the law does not stop at the prison gate. In passing through the iron bars of the gate it may become badly bent but not beyond *1033 recognition. In arriving at the conclusions above expressed, this court has tried to promote the theory without undue interference with the reality of life behind the wall.
If the third and last paragraph of the affidavit of claimant sworn to January 26,1982 is an application to have the State initially pay for the cost of taking the depositions, the application is denied. Section 79 (subd 3, par [a]) of the Civil Rights Law specifically states that the State shall not be liable for such expenses. In view of the foregoing, it is hereby:
ordered that the defendant produce at their respective correctional facilities, at a time to be agreed upon between the attorneys hereto, the prisoners named in the notice of motion dated January 29, 1982 for examination before trial as to the facts relevant to a determination of the issues raised by the pleading, and it is further:
ordered that the application for an order for claimant to proceed in forma pauperis is denied, and it is further:
ordered that in implementing the discovery proceedings above authorized the parties be guided by the reasoning and directives set forth in the discussion prior to the ordering paragraphs.